RECEIVED
SDNY PRO SE OFFICE

2022 JAN -5  PM 1: 14

DEFENDANT — LIST AND ADDRESS


TIME EQUITIES, INC.
55 FIFTH AVENUE
NEW YORK NY, 10003

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

ALIX NAZON
                                         Plaintiff

     - v -

TIME EQUITIES INC.
                                         Defendant
-------------------------------------------------------------X

<u>AMENDED COMPLAINT</u>
Cover. No.:1:21-cv 08680


Plaintiff, ALIX NAZON, upon information and belief, alleges for his complaint as follows:


NATURE OF CASE


1.     This is an action brought by ALIX NAZON ("Plaintiff") pursuant to the provisions of (i) Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17, for employment discrimination based on race, color, religion, sex and national origin; (ii) 42 U.S.C. § 1981, for intentional employment discrimination on the basis of Plaintiff's race; (iii) Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 to 12213, for discrimination against individuals with disabilities pursuant to such critical areas as employment.

2.     This document was prepared with assistance from the New York Legal Assistance Group's Legal Clinic for Pro Se Litigants.  Plaintiff, discrimination on the basis of Plaintiff's disability; (iv) New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law §§ 290 to 297; (v) New York City Human Rights Law ("NYCHRL"), N.Y. City Admin. Code §§ 8-101 to 131; and, (vi) any other claim(s) that can be inferred from the facts set forth herein.

3.     Plaintiff filed a charge of discrimination against the Defendant with the Equal Opportunity Employment Commission ("EEOC").  Plaintiff received a Notice of Right to Sue from the EEOC and filed a timely Complaint with this Court.

## JURISDICTION AND VENUE

4.     This Court has jurisdiction over the subject matter of this action pursuant to 42 U.S.C. § 2000e-5 and 28 U.S.C. § 1331. The supplemental jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1367 over all claims under New York Law.

5.     Venue is proper under 28 U.S.C. § 1391.

## PARTIES

6.     Defendant, TIME EQUITIES, INC, an "employer" within the meaning of 42 U.S.C. § 2000e(b).  Defendant's principal place of business is 55 Fifth Avenue, New York, NY.

7.     Plaintiff, ALIX NAZON, is an African American Haitian male, and employed as Office Administrator for over twenty-four (24) years.  He is a resident of Queens, New York, and at all relevant times met the definition of an "employee" or "eligible employee" under all applicable statutes.

8.     Defendant, TIME EQUITIES, INC. is A REAL ESTATE / INVESTMENT COMPANY at all times relevant herein, Defendant met the definition of an "employer" under all relevant statutes (i.e., § 1981, the NYSHRL and NYCHRL, and any other statues providing for individual liability).

## BACKGROUND FACTS

### *Plaintiff's Protected Class*

9.     Plaintiff, ALIX NAZON, is an African American Haitian male.

### *Plaintiff's Employment with Defendant*

10.     Plaintiff was hired by Defendant on APRIL 9, 1996.

11.     Plaintiff's responsibilities as Office Administrator consisted of assisting General Counsel, Philip Brody, maintaining the filing room, preparing closing binder and closing materials, filing and copying needs for other staff members.  Plaintiff reported directly to Time Equities Office Manager for all the other functions of his role which included and were not limited to mailroom duties/coverage, banking deposits, petty cash and front desk responsibilities when needed.  Throughout his tenure with Defendant, Plaintiff performed his duties as Office Administrator satisfactory and diligently.

*Plaintiff Was Subjected to a Hostile Work Environment on the Basis of His Race*

12.     Plaintiff, a member of a protected class, was subject to retaliation and discrimination in a hostile working environment, which affected his right to a peaceful state of mind.  Defendant knew of the misconduct and failed to take proper action.

13.     On two separate occasions, Plaintiff approached Robert Kantor, President of Time Equities, Inc. (once in the presence of Philip Brody) to discuss Judith Frank, a white Office Manager's behavior towards him.  Philip Brody's response was "Alix you are being too sensitive".

14.     April 11, 2003 - Judith Frank, put her hand on Plaintiff's throat to "demonstrate" her anger towards David Becker, son of Robert Kantor.  David Becker had to pull Judith Frank's hand off Plaintiff.

15.     April 14, 2003 - Plaintiff wrote to Defendant to inform them of this incident with Judith Frank.  Robert Kantor's response was "I do want to emphasize that Judy is the Manager of the office and it is extremely important that her policies be respected".  Due to this unruly harassment and the effect the incident had on Plaintiff, he started experiencing nightmares for endless months to the point that Roberta Axelrod, Vice President Director of Sales and Rental suggested Plaintiff go see a therapist.

16.     September 2, 2003 - Plaintiff was able to schedule his first therapy session out of his own pocket because Defendant refused to pay. Plaintiff had to stop attending therapy after 9 sessions because he could no longer afford the care he needed.

17.     In 2003 - Plaintiff started showing apartments on behalf of the Sales and Rental department on Saturdays and Sundays, the plaintiff was hoping a change of manager would have made a difference.

18.     In 2003, with the assistance of Roberta Axelrod, Plaintiff obtained the Salesperson License.

19.     November 10, 2003 - Plaintiff took the Broker exam with hopes of becoming more of an asset for Defendant and passed the exam with no preparation or financial assistance.  Plaintiff was proud to share this news with Defendant but since that day Plaintiff was no longer asked by the Sales and Rental department to show any future apartments.

20.     December 11, 2005 - Plaintiff wrote to Roberta Axelrod asking her to apply for an extension to the Department of State, in order to meet with the deadline to file before expiration and Ms. Axelrod never applied for the extension.

21.     December 12, 2005 - Plaintiff wrote to Ms. Axelrod and Mr. Kantor informing them that he will be mailing his application to Department of State as an Independent Broker.

22.     March 17, 2006 - Plaintiff sent his application to the Division of Licensing Services, to inquire if he has enough points to be qualified as an Independent Broker because Ms. Axelrod refused to sign the Associate Broker form.

23.     In May 2006 - The Division of Licensing Services confirmed Plaintiff has enough qualification for the License as an independent Broker.

24.     October 31, 2006 - Defendant informed Plaintiff with a written letter signed by Francis Greenburger, CEO of Time Equites, Inc. indicating he must choose one of four options (*return the License to Department of State, resign from Time Equities, Inc., hold the license and never use it or become an Associate Broker which would not be possible because Ms. Axelrod will never sign and approve it*).

25.     February 13, 2008 - Defendant wrote to Plaintiff reminding them of the form of agreement.

26.     June 26, 2009 - Suzi Wilson, Director of Commercial Leasing, showed Plaintiff hostility in the presence of colleagues by putting her hand on his chest and pushing him and screaming "what the hell, everything has to be such a big deal with you".  This was with malice, showed inappropriate behavior and harassment towards Plaintiff for no reason whatsoever.   Immediately following this incident Plaintiff approached Philip Brody and explained the incident to him and asked whether he can inform Robert Kantor and Mr. Brody strongly said "No don't say anything to Bob, nothing happened". Plaintiff did not pursue the matter any further.

27.     June 27, 2009 – Ms. Wilson emailed the Plaintiff to apologize for raising her voice but she omitted the fact that she had put her hand on the Plaintiff.   Plaintiff reminded Ms. Wilson that she failed to apologize for putting her hands on him.  Ms. Wilson further apologized for putting her hands on him.

28.     July 26, 2010 - Plaintiff needed clarification on an email that Beatrice Aquinoto, HR/Office Manager, send to all TEI staff members indicating "We don't condone any physical violence at the workplace".  Plaintiff asked her if that means "you will not punch me in the face if I look at you that way" like you said and when you told me "people like you should not make a certain amount of money".  Her response was a vague "I do not remember saying that".

29.     April 6, 2011 - Plaintiff needed surgery and requested to use the 10 days disability leave that all TEI staff members are given but instead was told that he should use his vacation time that he didn't even accrue yet.  Similarly, Gerald Noel, an older Haitian black man, who had surgery on November 2012 was not allowed to use his 10 days disability leave.

30.     April 8, 2015 - Plaintiff found the courage to finally email Beatrice Aquino and Robert Kantor regarding his unpaid wages.  Plaintiff stated in the email for the past 19 years he has provided coverage for the mail room during Gerard Noel's absence each

year (2-3 weeks each time) and in consideration of the increase of the cost of living and make you aware that I have been paid $4,000 leaving a balance of $14,000 for of unpaid labor due to me".

31.     In May 2015 - In retaliation Defendant paid Plaintiff $2,500 for the past due labor and decrease the usual annual review from $1,500 to $1,000 and stated the bonus was included in the $2,500.  Defendant also stated "that the bonus they gave Plaintiff is for the 3 weeks he covered the mail room and other people's full time work".

### *Plaintiff was subject to disparate treatment because of his race*

32.     October 28, 2011 - Plaintiff brings to the attention of Daniel Schwartzman in a letter the threats of Kim Murphy, "I can't wait to kill that f... Alix Nazon" which was the third time. Since my food was tampered with I decided to take her words seriously.

33.     November 21, 2011 - Robert Kantor ridiculed Plaintiff for going to therapy after he was attacked by Judith Frank.  Kim Murphy and Beatrice Aquino laughed and Robert Kantor put the Plaintiff on probation indicating "stay home until your fear subsides" Plaintiff spoke to Daniel Schwartzman who is one of the Counsel's at Time Equities, Inc.

34.     Plaintiff was employed until he was forced to resign subject to discrimination, physical abuse and other offenses by his supervisors and HR/Office Manager. When a garbage disposal has a problem, the bathroom is congested. Any work that should be handled by the super is directed to the Plaintiff who executed them without complaining.

35.     December 18, 2019 - After a sexual harassment mandatory class, Plaintiff talked to Marjorie Kaye, JR from Jackson/Lewis about the incident that happened to him at TEI from 2003 to date.  Marjorie suggested to Plaintiff to talk to Max Sturman, a Counsel at TEI who conducted an investigation.  Defendant's legal counsel, Max Sturman, gave the Plaintiff a copy of his investigation.

36.     June 12, 2020 - Plaintiff mentioned in an email to Natalie Diaz, Officer of Staff, "Had I not taken the third option (keep the license and never used it) my mother would have been alive".

37.     March 28, 2020 - Because a student at Yeshiva school which share the building with TEI tested positive for COVID 19.  Plaintiff and Gerard Noel, another older black man was designated to sanitize the office without giving them any mask, however masks were given to all the other employees.

38. April 3, 2020 - Plaintiff informed Defendant that he was tested positive for COVID-19.  Plaintiff was not cleared to come in the building by Andrey Harmaty, Office

Manager until June 19, 2020.  Similarly done to Gerard Noel who's wife tested positive. Plaintiff and Gerard Noel were quarantined for three months. When Plaintiff and Gerard Noel return to the office they find out their vacation time was used to cover the quarantine time they were not cleared to come to the building even though Plaintiff worked from home like all the other employees.

39.     In June 2020 - For the reopening of the company, welcome back bags (hand sanitizer, mask, gloves and cookie) was placed on each employee's desk but not on Plaintiff and Gerard Noel's desk.   Gerard told Andrey and Natalie that was discrimination and they told him that was disrespectful to use these words (injustice, discrimination, retaliation and bully) in the office.

40.     June 16, 2020 - Plaintiff emailed Natalie Diaz in regards to the opening statement Francis Greenburger made that stated "we at Time Equities condone Injustice and Discrimination".    Plaintiff asked Natalie "is Francis aware of the injustice and discrimination that I endured at Time Equities Inc.?"   Plaintiff stated some of the incidents including the very painful choice which resulted to the death of my mother from the list of 4 options Plaintiff was given.  Natalie Diaz stated  she was going to talk to the new broker of record, Richard Recny, about the Plaintiff Broker license.   Until October 31, 2020, Plaintiff was never give an answer.

41.     Retaliation was very blatant for that reason some of us choose to say nothing to avoid stress.

42.     September 25, 2020 - Zabrina Mathew, Receptionist/Office Administrator, stated "I truly hate this guy" before the hate escalated as it did with the previous receptionist. Plaintiff immediately requested a meeting with Andrey Harmaty to clear the incident.  At the meeting Andrey stated that "Zabrina emailed me also about the incident" and changed his wording to indicate "we crossed paths in the hallway".

43.     September 27, 2020 - Plaintiff asked a copy of the recording camera which shows that Andrey met Zabrina at the front desk for preparation of the meeting and stated that two people said they heard that Zabrina said "this guy is lazy".  When Andrey emailed the Plaintiff the recap of the meeting, Plaintiff said "well done" but omitted liar.

44.     October 15, 2020 - Plaintiff sent a simple suggestion letter to management.

45.     October 27, 2020 - Plaintiff received a warning.

46.     October 31. 2020 - Plaintiff sent detailed resignation email to Francis Greenburger, Robert Kantor and Beatrice Aquino and a farewell email to all explaining the reason he had to make such a hard decision.

47.     October 31, 2020 - Gerard Noel resigned because of discrimination because his blood pressure raised very high and he had to be hospitalized to bring it down during the pandemic due to the demand Andrey Harmaty's made from him. (See attached). Andrey even requested Gerard's wife's medical records, who is not an employee of Time Equities before he can clear Gerard to come back to the office after being out of the office for three months.

Dated:          January 5, 2022

By:             ALIX NAZON

I have provided supporting documents to every word I wrote in this complaint. A few supporting documents is enclosed since they were not included on the EEOC portal.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALIX NAZON

_____

_____

Write the full name of each plaintiff.

1:21 ___CV___08680-AT-SLC___

(Include case number if one has been
assigned)

-against-

TIME EQUITIES, INC 55 FIFTH AVENUE 15TH FL

_____

_____

_____

Do you want a jury trial?

☒ Yes    ☐ No

Write the full name of each defendant. The names listed
above must be identical to those contained in Section I.

# EMPLOYMENT DISCRIMINATION COMPLAINT

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with
the court should therefore *not* contain: an individual's full social security number or full birth
date; the full name of a person known to be a minor; or a complete financial account number. A
filing may include *only*: the last four digits of a social security number; the year of an individual's
birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule
of Civil Procedure 5.2.

Rev. 3/24/17

## I.   PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

| ALIX | | NAZON | |
|------|--|-------|--|
| First Name | Middle Initial | Last Name | |

| 118-50 193RD STREET | | | |
|---------------------|--|--|--|
| Street Address | | | |

| ST. ALBANS | NY | 11412 |
|-----------|-----|-------|
| County, City | State | Zip Code |

| 347 453 3884 | Nazonalix@gmail.com |
|--------------|---------------------|
| Telephone Number | Email Address (if available) |

### B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. (Proper defendants under employment discrimination statutes are usually employers, labor organizations, or employment agencies.) Attach additional pages if needed.

Defendant 1:

| Time Equities inc. | | |
|--------------------|--|--|
| Name | | |
| Time Equities inc | | |
| Address where defendant may be served | | |
| 55 Fifth Avenue | NY | 10003 |
| County, City | State | Zip Code |

Defendant 2:

| | | |
|--|--|--|
| Name | | |
| | | |
| Address where defendant may be served | | |
| | | |
| County, City | State | Zip Code |

Page 2

Defendant 3:

_____
Name

_____
Address where defendant may be served

_____
County, City                    State                    Zip Code

## II.    PLACE OF EMPLOYMENT

The address at which I was employed or sought employment by the defendant(s) is:

Time Equities Inc
_____
Name
Nazon Alix
_____
Address
55 Fifth Avenue 15th Fl.            NY                    10003
_____
County, City                    State                    Zip Code

## III.    CAUSE OF ACTION

### A.    Federal Claims

This employment discrimination lawsuit is brought under (check only the options below that apply in your case):

☒    **Title VII of the Civil Rights Act of 1964**, 42 U.S.C. §§ 2000e to 2000e-17, for employment discrimination on the basis of race, color, religion, sex, or national origin

The defendant discriminated against me because of my (check only those that apply and explain):

☒    race: _____

☒    color: _____

☐    religion: _____

☒    sex: _____

☒    national origin: _____

Page 3

☒ **42 U.S.C. § 1981**, for intentional employment discrimination on the basis of race

My race is: Haitian African American

☒ **Age Discrimination in Employment Act of 1967**, 29 U.S.C. §§ 621 to 634, for employment discrimination on the basis of age (40 or older)

I was born in the year: 1954

☐ **Rehabilitation Act of 1973**, 29 U.S.C. §§ 701 to 796, for employment discrimination on the basis of a disability by an employer that constitutes a program or activity receiving federal financial assistance

My disability or perceived disability is:

☐ **Americans with Disabilities Act of 1990**, 42 U.S.C. §§ 12101 to 12213, for employment discrimination on the basis of a disability

My disability or perceived disability is:

☐ **Family and Medical Leave Act of 1993**, 29 U.S.C. §§ 2601 to 2654, for employment discrimination on the basis of leave for qualified medical or family reasons

## B. Other Claims

In addition to my federal claims listed above, I assert claims under:

☒ **New York State Human Rights Law**, N.Y. Exec. Law §§ 290 to 297, for employment discrimination on the basis of age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status

☒ **New York City Human Rights Law**, N.Y. City Admin. Code §§ 8-101 to 131, for employment discrimination on the basis of actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, sexual orientation, alienage, citizenship status

☐ Other (may include other relevant federal, state, city, or county law):

Page 4

## IV.   STATEMENT OF CLAIM

### A.  Adverse Employment Action

The defendant or defendants in this case took the following adverse employment actions against me (check only those that apply):

- ☐  did not hire me

- ☐  terminated my employment

- ☐  did not promote me

- ☐  did not accommodate my disability

- ☒  provided me with terms and conditions of employment different from those of similar employees

- ☒  retaliated against me

- ☒  harassed me or created a hostile work environment

- ☐  other (specify): _____

_____

### B.  Facts

State here the facts that support your claim. Attach additional pages if needed. You should explain what actions defendants took (or failed to take) *because of* your protected characteristic, such as your race, disability, age, or religion. Include times and locations, if possible. State whether defendants are continuing to commit these acts against you.

On June 16, 2020 Francis Grenburger, Chairman & CEO of Time Equities, Inc held a zoom meeting " We at time Equities, Inc Condemn Injustice and Discrimination" I was shock appalled and wondered if he was aware of the injustice and discrimination that has overtly and repeatedly happened to me over the course of the 24 years that I have been employed at Time Equities, Once by Judith Frank a white the Office manager and the second by Suzi Wilson, the White director of Leasing of Commercial. I am a gay Haitian black man, who was placed on probation because I brought to the attention Daniel Scwartzman, a counsel of Time Equities  that a white woman, Kim Murphy stated , " She is going to kill me twice" but the third time she said " she can't wait to kill that F…Alix Nazon" and that's was after my food was tampered with. I wrote an email to Ms. Natalie Diazfficer of Staff, inquiring if Francis is aware of the incident and to my surprise her resp

As additional support for your claim, you may attach any charge of discrimination that you filed with the U.S. Equal Employment Opportunity Commission, the New York State Division of Human Rights, the New York City Commission on Human Rights, or any other government agency.

On June 16, 2020 Francis Greenburger, Chairman & CEO of Time Equities, Inc. held a zoom meeting starting "We at Time Equities, Inc. Condemn Injustice and Discrimination". I was shocked, appalled and wondered if he was aware of the injustices and discrimination that have overtly and repeatedly happened to me over the course of the 24 years that I have been employed at Time Equities.

Once by Judie Frank, the Office Manager,

Second time by Suzi Wilson, the Director of Leasing of Commercial.

I am a gay Haitian black man, who was placed on probation because I brought to the attention of Daniel Scwartzman, a Counsel of Time Equities that a white woman, Kim Murphy stated, "she is going to kill Alix twice" but the third time she said she "can't wait to kill that F…" alix Nazon that was after my food had been tampered with.

I wrote an email to Ms. Natalie Diaz, Officer of Staff, inquired if Francis was aware of these incidents and to my surprise her response was not a professional one. (See attached on EEOC Portal). From that day on the retaliations received by me and another Haitian older black man (Gerard Noel) got substantially worse whenever we would mention discrimination issues and/or the injustice Gerard Noel and I felt towards us.

On numerous occasion when either Gerard or i mention it's discrimination in any of our meeting Ms. Natalie Diaz or Andrey Harmaty would say "it disrespectful "

Additionally, Time Equities, Inc. did not allow me to perform any Real Estate transactions with my Broker License but they allowed an "unlicensed" young white man, Jonathan Dulberg to openly do Real Estate transactions until 2020.

Due to the lack of money and opportunity this prevented me from being able to afford an at home doctor service for my severely ill and impaired Mother who I was taking care of at home. On April 3, 2021, I was forced to take her to the hospital, in the prime of COVID risking her life. The unimaginable worst time to take a person in her condition to the hospital. My Mother passed away on April 8 Five days later .

When the hospital finally allowed me to see her in the morning of April 8th she had lost probably over 100lbs in the course of 5 days. She was not cleaned, not touched, not feed. We gave morphine and the formula one of the nurses told me.

Further, it was clear to me that the warning Andrey Harmaty issued me on October 2020 for a simple suggestion that I made to the cleaning woman, (Melanie Moran), was seen instead as hostile and lead to an assault charge (see attached on EEOC Portal). All I was trying to do was help.
This assault charge would have prevented me from renewing my Broker's License. I was very uncomfortable with that thought  and it forced me to choose to resign.

Audrey Harmaty, the Office Manager, decided to write me up and gave me a warning to imply that I was aggressive. I felt there was an attack coming directly to me.

There was an investigation conducted by Emily Sappol, a Legal Associate, which was a discrepancy in comparison to the one conducted by the Office Manager Andrey Harmaty.

There was also a note sent to the Security Guard stating that if Alix Nazon and/or Gerard Noel come into the building they should call the police.
For 24 years I endured discrimination, physical abuse, Mental abuse humiliation and unpaid labor not once Had I thought to call the police

After being a dedicated employee at Time Equities, Inc. I was so hurt and disappointed by the actions they took.

## V.    ADMINISTRATIVE PROCEDURES

For most claims under the federal employment discrimination statutes, before filing a lawsuit, you must first file a charge with the U.S. Equal Employment Opportunity Commission (EEOC) and receive a Notice of Right to Sue.

Did you file a charge of discrimination against the defendant(s) with the EEOC or any other government agency?

    ☒  Yes (Please attach a copy of the charge to this complaint.)

        When did you file your charge?   11-10-21

    ☐  No

Have you received a Notice of Right to Sue from the EEOC?

    ☒  Yes (Please attach a copy of the Notice of Right to Sue.)

        What is the date on the Notice?   09-23-21

        When did you receive the Notice?   09-23-21

    ☐  No

## VI.    RELIEF

The relief I want the court to order is (check only those that apply):

    ☐  direct the defendant to hire me

    ☐  direct the defendant to re-employ me

    ☐  direct the defendant to promote me

    ☐  direct the defendant to reasonably accommodate my religion

    ☐  direct the defendant to reasonably accommodate my disability

    ☒  direct the defendant to (specify) (if you believe you are entitled to money damages, explain that here)
I believe Time Equities inc should award me $25,000,000 for compensation due to to Physical mental abuse, Injustice and discrimination that was used towards me for 24 years.

(See attached for continuation of part facts on page 5)

Page 6

## VII.   PLAINTIFF'S CERTIFICATION

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| 01-04-22 | | |
| --- | --- | --- |
| Dated | Plaintiff's Signature | |
| 12-29-20201 | Nazon | |
| First Name | Middle Initial | Last Name |
| Alix | | |
| Street Address | | |
| 118-50 193rd Street | St. Albans, NY | 11412 |
| County, City | State | Zip Code |
| 347 453 3884 | Nazonalix@gmail.com | |
| Telephone Number | Email Address (if available) | |

I have read the attached Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☒ Yes   ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.

Page 7

## Enclosed are a few examples of
## Time Equities, Inc form of retaliation

While Noel Gerald was out of vacation and I covered for him, TEI Inc. allotted me $500 per week as compensation for this extra coverage.  When Beatrice Aquino was hired things changed and instead I received whatever she felt was necessary during this time period which she called a "bonus".  I did not receive proper compensation for my extra coverage during this time.
(See page 2 attached)

05-14-2015 Robert Kantor suggested for me to consider working someplace else because I asked to be paid for unpaid labor (See first paragraph on page 3)

Five years from these incidents for fear of an assault charge I resigned.

## Alix Nazon - Re: A little compensation pleeease!!!!

| | |
|---|---|
| **From:** | Beatrice Aquino<baquino@timeequities.com> (Beatrice Aquino) |
| **To:** | Nazon, Alix |
| **Date:** | 9/28/2010 3:48 PM |
| **Subject:** | Re: A little compensation pleeease!!!! |
| **CC:** | Kantor, Robert |

We have decided to give you $1500 to compensate for filling in for Noel while he was on vacation in 2009 and 2010.  (The paperwork has already been submitted to Payroll.)

Thank you.

>>> Alix Nazon 9/27/2010 4:11 PM >>>
Please accept this gentle reminder since you have not responded to the e-mail I sent last week.
09-21-10

Beatrice Aquino
HR/Office Manager

First I want to thank you for the help you gave me for the past three weeks while Noel was on vacation.

When I cover for Noel, I normally receive 2 additional hours per day in pay.  When I cover for Noel, I am not allowed to take a lunch hour so; one of the two hours is my lunch hour.  During that time, I have to go to the bank so; I am actually getting paid for one hour. When Karen was the manager she used to pay me double for these hours. Although I work more hours because of my sense of responsibility, (coming into the office on Sunday because of Saturday's mail and sometimes, not leaving the office until after 7) I only request the usual two hours per day.

For the past 14 years I have always received compensation when I cover for Noel while he is on vacation.  The last 3 vacations (a total of 45 business days) that Noel has taken, I have not received compensation.

In addition to covering for Noel and also performing my own duties, I was able to save TEI $2,118.90 in printing fees by copying the 12th Amendment for Clinton Hill Apartments in the office.

I thank you in advance for you consideration

## Alix Nazon - Re: A call to your kindness

| | |
|---|---|
| **From:** | Robert Kantor |
| **To:** | Aquino, Beatrice; Nazon, Alix |
| **Date:** | 4/9/2015 7:49 AM |
| **Subject:** | Re: A call to your kindness |

Alix, We have no idea where you are getting your calculations from and resent that you make such outrageous allegations. If you are not paid overtime for your additional work it is because you did not submit your hours. If you work authorized over time you must submit your hours. Please do not make unfounded claims from here on in.



**Robert Kantor**
President
Time Equities Inc.
55 Fifth Avenue | 15th Floor | New York, NY 10003
O: (212) 206-6179 | C: (917) 710-2601
rkantor@timeequities.com | timeequities.com

>>> Alix Nazon 4/8/2015 8:06 PM >>>

As, you know, I have been working for Time Equities as an Office Administrator for the past 19 years. ( April 6)

I am would like for you to take in consideration the increase of the cost of living and make you aware of unpaid labor that is due to me at the time of my annual review.

For the past 19 years I've covered the mail room during Noel's absence (2 times a year / 2-3 weeks each time) and for the last 9 years I have only been compensated four times.

According to my calculations, I should have been paid a total of $18,000, but have only been paid $4,000 leaving a $14,000 unpaid balance.

In addition, throughout my years at Time Equities, I have provided exceptional labor, services and not to mention materials for whatever is needed to maintain the aesthetic of the Company.

I've saved the company an immense amount of money while I have received compensation for some of the hours which I hardly put in for the labor and never for materials that I've provided since I recycled them from some of our other office building.

Thank you,



**Alix Nazon**
**Office Administrator**
Time Equities Inc.
55 Fifth Avenue | 15th Floor | New York, NY 10003
O: (212) 206-5647 | F: (212) 627-9279
anazon@timeequities.com | timeequities.com

## Alix Nazon - Fwd: 2nd Prior approval

**From:**   Alix Nazon
**Subject:**   Fwd: 2nd Prior approval

>>> Alix Nazon 5/13/2015 5:30 PM >>>
Beatrice, first and foremost I felt that the way you treated me in your office was inappropriate after you've requested that I come see you .
Personally I don't think it's professional for a person to use the "F" word to get your point across especially after sending an email on may 27 , 2009 RE: employee conduct See attachment page 1

In search of the email that I agreed when I was ask to have a prior approval for over time work. I read a few other emails I believe were directed towards me for your specific agenda.
For example May 2011 you had a meeting emphasizing that I failed to follow your instructions 4 years ago. You feel that I resent you mainly for what happen with Judie. On 11/21 2011 when "Bob asked me to stay home if I was afraid that Kim is going to kill me" if he asked me to write this recap I would have omit that part. Beatrice you've stated that the law requires that an employee gets paid any hours worked over 40, yet when I sent the email regarding the second extension of the file room on 12/26/2012 I asked to add the 17 1/2 hours to the 24 1/2 hours I forfeited in August for doing the mail" (see attachment page 2 )You didn't think it was illegal. Back in 2009' You gave me the same aggravation when it was time for my review even though you were complaining to me about the back room( see attachment Subject Back storage room)

I would have understood if you showed me one payroll change request form reflecting unauthorized overtime after January 2009. Beatrice I feel that I am being accused of dishonesty even though there is no evidence to back it up.

you asked " what I did in 2000 and 2001 that increased my salary by the amount it was" I did not answer your question because you do have knowledge of everybody's salary info, you can also tell who authorize the overtime. Your question calls for things that happen 5 years prior to your arrival. Sorry I do not gossip may be you can understand that...
Beatrice as I told you last Tuesday Time equities would rather pay multi millions dollar on legal fee instead of paying $ 100 to an employee for black mail. That's my advise to you as a Christian.

Please allow me to work in Peace. Both your accusations and aggravations are extremely stressful . I would really appreciate it if you don't scream at me, curse at me and dismiss me from your office as you did on Wednesday . I've attached the new affidavit to this email so it doesn't get lost like the previous one where I've agreed to not work without an approval , I am also sending the original in an interoffice

PS: Beatrice, you purposely know you didn't give me the bonus for covering the mail ALL these years , but God will replenish me abundantly.. We all do respect, please accept this email as an effective way of communicating my concerns



**Alix Nazon**
**Office Administrator**
Time Equities Inc.
55 Fifth Avenue | 15th Floor | New York, NY 10003
**O:** (212) 206-5647 | **F:** (212) 627-9279
anazon@timeequities.com | timeequities.com

New    Reply        Delete    Archive

## Fwd: Re: 2nd Prior approval



**Alix Nazon**  5/14/15

To: alixnazon1@hotmail.com

>>> Robert Kantor 5/14/2015 12:51 PM >>>
Alix,  Let me be perfectly clear.  Bea is your supervisor.  If you can't or wo
her, you might want to consider whether you would be happier working s
else.

**Robert Kantor**
President
Time Equities Inc.
55 Fifth Avenue | 15th Floor | New York, NY 10003
**O:** (212) 206-6179 | **C:** (917) 710-2601
rkantor@timeequities.com | timeequities.com

>>> Alix Nazon 5/13/2015 5:30 PM >>>
Beatrice, first and foremost I felt that the way you treated me in your offi
inappropriate after you've requested that I come see you .
Personally I don't think it's professional for a person to use the "F" word t
point across especially after sending an email on may 27 , 2009 RE: emplc
See attachment page 1

In search of the email that I agreed when I was ask to have a prior approv
time work. I read a few other emails I believe were directed towards me f
specific agenda.
For example May 2011 you had a meeting emphasizing that I failed to foll
instructions 4 years ago. You feel that I resent you mainly for what happe
On 11/21 2011 when "Bob asked me to stay home if I was afraid that Kim
kill me" if he asked me to write this recap I would have omit that part. Be
stated that the law requires that an employee gets paid any hours worked
when I sent the email regarding the second extension of the file room on
asked to add the 17 1/2 hours to the 24 1/2 hours I forfeited in August fo
mail" (see attachment page 2 )You didn't think it was illegal. Back in 2009

© 2015 Microsoft    Terms    Privacy & cookies    Developers    English (United S

 # TIME EQUITIES INC.

I, Alix Nazon, understand that I cannot work overtime (in excess of 40 hours per week), without first obtaining written authorization from my supervisor and/or an executive at Time Equities.  I also acknowledge that there is no overtime pay due to me at this time.

_Alix Nazon_
Print Name

_[signature]_
Signature

_03-12-15_
Date

**timeequities.com**

55 FIFTH AVENUE  |  15TH FLOOR   |  NEW YORK, NY 10003  |  T: (212) 206-6000  |  F: (212) 206-6113
TIME EQUITIES INC. IS A LICENSED REAL ESTATE BROKER

**Alix Nazon**

| | |
|---|---|
| **From:** | Alix Nazon |
| **Sent:** | Friday, September 22, 2017 6:41 PM |
| **To:** | Beatrice Aquino |
| **Subject:** | RE: Noel |

I understand from your email that Noel will be out of the office.
Please confirm that you want me to cover for noel during the two weeks that he is out.
That I will receive additional compensation for the extra hours that I will have to work during that time
Thanks

**From:** Beatrice Aquino
**Sent:** Monday, September 18, 2017 7:08 AM
**To:** Receptionist; Alix Nazon; Devon Little
**Subject:** Noel

Please be advised that Noel will be out for 2 weeks starting on Monday, 9/25 and returning to work on Monday, 10/9.

Please make every effort to come in during this time.  Thank you.



Beatrice Aquino
Human Resources/ Office Manager
Time Equities Inc.
55 Fifth Avenue | 15th Floor | New York, NY 10003
O: (212) 206-6198 | F: (212) 206-6113
baquino@timeequities.com | timeequities.com

**Gerard Noel**

**From:** Natalie Diaz
**Sent:** Tuesday, October 20, 2020 10:47 AM
**To:** Beatrice Aquino; Gerard Noel
**Subject:** RE: Summary of conversation with Gerard Noel, 10/15/20 at 11am

I have added a conclusion below. Beatrice, please include this updated version in Noel's personnel file.

Thank you,
Natalie

**From:** Beatrice Aquino
**Sent:** Monday, October 19, 2020 7:25 AM
**To:** Natalie Diaz <ndiaz@timeequities.com>; Gerard Noel <gnoel@timeequities.com>
**Subject:** RE: Summary of conversation with Gerard Noel, 10/15/20 at 11am

This is to confirm that our meeting occurred as stated below.



Beatrice Aquino, SHRM-CP
Payroll & Benefits Manager
Time Equities Inc.
55 Fifth Avenue | 15th Floor | New York, NY 10003
**O:** (212) 206-6198 | **F:** (212) 206-6113
baquino@timeequities.com | timeequities.com

**From:** Natalie Diaz
**Sent:** Thursday, October 15, 2020 3:29 PM
**To:** Beatrice Aquino; Gerard Noel
**Subject:** Summary of conversation with Gerard Noel, 10/15/20 at 11am

This email is to summarize the conversation between myself, yourself, and Gerard Noel, that took place today, October 15, 2020, at 11:00am. Please review and confirm that this is accurate.

10/15/2020
Natalie Diaz, Beatrice Aquino, Gerard Noel present for a meeting at 11am

The meeting, called by Natalie Diaz, was to investigate two claims made in Gerard Noel's letter to Francis Greenburger and Robert Kantor of October 12, 2020. The letter is attached here for reference, and the two claims that warrant an investigation are a claim of verbal discrimination and that Gerard Noel no longer gets paid.

I asked Noel about the claim of verbal discrimination. While he aired grievances about being asked to do certain tasks by his manager, Andrey Harmaty, he did not have any specific allegations of verbal discrimination.

Noel's letter also says, "my schedule has been changed, my hours cut back." We reviewed this during the meeting to make sure we were all in agreement of the facts. Noel's hours are 8:00am – 4:30pm, and despite being asked to work

reduced hours from May 26 to September 8 to account for staggered scheduling in the office of all employees to reduce density, Noel's pay has remained the same (so he has been paid in full although he worked fewer hours from May 26 – September 8).

Regarding Noel's claim, "I no longer get paid", Noel confirmed that his regular pay has been paid out in full, and has never been interrupted. He said that he was referencing the ending of his overtime pay. Noel stated that he has been paid 2 hours of overtime pay for years, going back to approximately 1994, because his job involves going to the post office and/or banks as needed. Since Noel's direct report changed from Beatrice to Andrey Harmaty, on September 13, Beatrice advised Noel to review his overtime pay approval with Andrey, as his manager (email attached). Noel acknowledged that Andrey and Beatrice approached him after a team meeting to ask about the overtime pay, so that Andrey could understand why he has been receiving overtime, if there is a legitimate business need (if his responsibilities, including errands to banks and the post office as needed, could not be accomplished during the course of a regular work day), and Noel declined to pursue the overtime. At that point, his overtime payments ended.

I stated that we value Noel's service at Time Equities, and his long tenure over 31 years. I also stated that the company has acted in good faith, despite his frustrations in the change of his direct report, and that despite his not working from roughly mid-March to mid-May, and despite his working reduced hours to stagger schedules, that he has been paid in full with no interruption of pay. I also noted that some employees at Time Equities have taken pay cuts, since the end of March, given COVID, but that we have ensured zero interruption in pay for Noel.

Conclusion: Noel did not share any allegations of verbal discrimination, nor does he have any recollection of verbal discrimination taking place towards him at Time Equities. Noel also confirmed that he is receiving his full salary and regular pay and there is no claim nor evidence that he is not being paid.



Natalie Diaz
Chief of Staff
Time Equities Inc.
55 Fifth Avenue | 15th Floor | New York, NY 10003
O: (212) 206-6094 | F: (212) 206-6114
ndiaz@timeequities.com   | timeequities.com

**Gerard Noel**

| | |
|---|---|
| **From:** | Gerard Noel |
| **Sent:** | Tuesday, October 20, 2020 11:25 AM |
| **To:** | Natalie Diaz |
| **Cc:** | Francis Greenburger; Robert Kantor |
| **Subject:** | Recapped |

Natalie

My letter to Francis & Bob was NOT a claim - I wrote an "Exist Letter" which highlighted most importantly my Gratitude of being part of Time Equities team for the past 31 years, but it would have been hypocritical if the "Grey" areas were not mentioned...

Honestly - You call a meeting for clarification, but I never really expected a positive outcome...

I recalled back in September at the start of a meeting you told me both you & Andrey are "family" - I have nothing personal against Andrey, but I do have the right to voice my feelings - you've asked for an explanation of the discrimination, I verbally gave you many incidents ( being designated to clean an office of an employee diagnosed with covid-19 without protective gear - Andrey had welcome back treats and masks for the entire staff, but except me & Alix) and among others...

You told me it was disrespectful to tell Andrey I've asked for NO favors and would have probably kept my job if there was Equality! Natalie

I get it, "Discrimination" is an uncomfortable subject, but an important ONE!

Any dialogue hence the willingness to LISTEN!

You've done your job: We met, you recapped, and only you can decide if the claim as you call it was resolved!

I will leave Time Equities on Oct 30th with Pride Integrity, and the satisfaction of a job WELL DONE!!

**Alix Nazon**

**From:** Gerard Noel
**Sent:** Thursday, October 29, 2020 2:16 PM
**To:** ALL SJGA; ALL TEI
**Subject:** Farewell

Good Afternoon All

Although, I am extremely grateful and appreciate all the good wishes, I would like to clarify the speculation of my retirement - I've made the decision to resign from Time Equities due to  a stressful, hostile work environment, along with
poor leadership...

A very difficult decision, but indeed necessary to benefit my health

May God bless you All

## Alix Nazon - Re: apology

| | |
|---|---|
| **From:** | Suzi Wilson |
| **To:** | Nazon, Alix |
| **Date:** | 6/26/2009 4:54 PM |
| **Subject:** | Re: apology |
| **Attachments:** | Suzi Wilson.vcf |

I felt that I was stopping you from advancing rather than the other way around.  However, it is your perspective that is important.  Therefore, I apologize.

Suzi Wilson
Time Equities, Inc.
55 Fifth Avenue, 15th Floor
New York, NY  10003
(212) 206-6068 voice
(212) 627-9279 fax
swilson@timeequities.com

>>> Alix Nazon 6/26/2009 4:28:05 PM >>>
 Suzi-You have attempted to apologize for raising your voice in front of my co-workers but you failed to mention in the e-mail that you put your hands on my chest and pushed me back from going toward Amy's office which is very offensive and disrespectful to me. In fact you are aware that I have been a victim in the past by such an incident in the office.

If your intention was to request that I refrain from moving things from Konrad's office you could have sent me an e-mail or approached me with mutual respect.

>>> Suzi Wilson 6/23/2009 7:33:47 PM >>>
Alix - I apologize for raising my voice with you today. However, my sentiment remains the same - that you *do* tend to make a big deal out of the smallest things, but I should have shown you more respect and consideration. My goal was to request you to refrain from moving things around in Konrad's office in the future. I was not concerned with the boxes, the books, or anything else moved in the past by you or others. Even if you had never moved anything at all, I was just looking for a simple "ok - sure" from you.

I'll be out of the office in meetings most of the day tomorrow but I'll be back around 3pm. I'd appreciate it if you could stop by at your convenience so that we could discuss better ways to communicate with each other.

Thanks,
Suzi

Suzi Wilson
Time Equities, Inc.
55 Fifth Avenue, 15th Floor
New York, NY 10003
(212) 206-6068 voice
(212) 627-9279 fax
swilson@timeequities.com

**Alix Nazon**

| | |
|---|---|
| **From:** | Alix Nazon |
| **Sent:** | Tuesday, June 16, 2020 12:38 PM |
| **To:** | Natalie Diaz |
| **Cc:** | nazonalix@gmail.com |
| **Subject:** | RE: Available Counseling : TEI's Employee Assistance Program |

I did not mean to add to your load of work I apologize sincerely.

Now the churches are open I feel stronger. Yes I always pray at home and everywhere but I feel closer to God when I am inside of a church.

These days I am praying for Guidance, also for God to increase my humility and strip me of all arrogance. I have to tell you as I am looking in for these document I found some email that are very negligent from these people. To say something is one thing  but to write it as confirmation is arrogant. As I told Bea when she wrote a recap after the meeting when Bob put me on probation " Even me who had been crucified unjustly I would have omit those word from Bob" all I am saying is to remind the big chees that David kill Goliat. There is no reason to act big because you are big. I would like to see TEI as I feel about TEI if you do  not understand what I just said. At your leisure relaxing in the park or the beach or by the pool Read my favorite prayer of St. Francis.

I am EXTREMLY PROUD OF YOU TH. Always remember that. You have the obligation to do your job with excellence.

If I am a cop my mother does something I have to arrest her. I will have to take her in but I will not put the hand cuff.

Rest assure I will not make a final decision without consulting your opinion as TH

Have a good day TH

BTW. My Corvid Test result is Negative I will post it around my desk

I can't think of a solution about what to do and how to detect the asymptomatic people. They are the most dangerous one.


**From:** Natalie Diaz
**Sent:** Friday, June 12, 2020 4:06 PM
**To:** Alix Nazon <anazon@timeequities.com>
**Subject:** Re: Available Counseling : TEI's Employee Assistance Program

Hi Alix,

Yes, my offer to help you personally was with grief counseling. But when it comes to allegations against other TEI employees and assertions of mistreatment, I am legally obligated to wear my Chief of Staff hat and respond within the responsibilities of my role.

In terms of the emails of apologies, yes, those will be highly relevant to an investigation. I have already reached out to Andrey regarding an investigation, and we are acting on this immediately.

1

10-28-11

Time Equities Inc
55 Fifth Ave
New York, NY 10003

Attn: Daniel Schwartzman

I have been debating on the thought of writing this letter or not. Today because of the thoughts and the possibility that others life may be endanger. I have decided to let somebody know about it

Enclosed are three copies of email. One I sent to Beatrice on October 19 and two responses from her the next day one of the responses was cc to Bob and Dottie

As I said before I wanted to let it slide but yesterday I found out that Kim went in the lobby on Wednesday October 19, fuming stated that "*I can not wait to kill Alix*

I contemplated the thought to file a complaint at the precinct against her which I discarded '

But, this morning I come in the office and find my desk drawer open where I have food and candy which I share with co-workers

I have been locking my desk for the past 4 years and never miss a day

I do not know what to make of it but I do not want anything to happen to me or anybody because I did not take her words seriously

Obviously I can not go to Beatrice because of what experienced from my previous attempt.

I have all the proof if you need to see why I feel that I am being gang up against .Also the additional people who participated unknowingly.

I hope you may find a solution which will alleviate my stress so I can work in peace. Without the feeling that I have to constantly watch over my shoulder

Alix Nazon

I did not say that Alix.   I asked Beatrice to see what your point of view was.   I did not say you would not receive your normal bonus for doing the Noel work.



**Robert Kantor**
President
Time Equities Inc.
55 Fifth Avenue | 15th Floor | New York, NY 10003
**O:** (212) 206-6179 | **C:** (917) 710-2601
rkantor@timeequities.com | timeequities.com

**From:** Alix Nazon
**Sent:** Friday, April 22, 2016 8:23 PM
**To:** Robert Kantor
**Cc:** Phil Brody
**Subject:** God said ask & you shall receive

I feel trapped , and unable to escape an unfortunate situation....

I would like someone to come to my rescue - I know it took God 450 years to deliver the Israelite out of bondage; I do not have a life spend of 450 years.

Beatrice informed me that Bob no longer wants to pay for compensation when I cover for Noel...

Working  from 9AM to 8PM (including my lunch hour) and going to the bank, according to our work schedule, it is 3 extra hours. These 3 hours are not given to me like other people who get them if  they are stranded at the front desk or by choice.

From my twenty years at TEI, I have not received compensation 14 1/2 times bringing it to a total  of $14,500 based on $1,000 each time. I don't believe it would create s burden for the company to pay, because hiring a temp and a security guard to go to the bank would cost the company a LOT more.

Furthermore, if I have ever receive over 3%  increase ($1,450 and latest $1,570 ) and get a cut of $2,000 I do not get 3%

2

In 2012 by inadvertence I was omitted in the distribution of the profit sharing...

The company is growing, and omissions are bound to happen in many cases. It would be best if each person knows in writing what compensation to expect once a task assigned to them has been completed.

I work on a daily basis with Philip Brody whom I cc in this email. I am hoping he could reaffirm that I am NOT the person Beatrice is portraying me to be....

I not only do my task, but I am also available to help make each co-worker's day less stressful, such as do the heavy scaring at the end of the day, bookmarking all the binders, scanning all deeds, articles of organization and agreement

God said ask & you shall receive - So "I am asking"

I walk my daily life with a clean conscience; I will continue to do so God willing regardless of the outcome of this email

**Alix Nazon**
**Office Administrator**
Time Equities Inc.
<image002.png> 55 Fifth Avenue | 15th Floor | New York, NY 10003
**O:** (212) 206-5647 | **F:** (212) 627-9279
anazon@timeequities.com | timeequities.com

3

Bob, asked me Yesterday if the issue has been resolved in regard to the email I sent to both him and Phil see below? I told him NO; I was awaiting his return so he asked me to "send Bea my email"
I truly believe this misunderstanding justified our innocence in the matter
Bob -After reading my email was baffled & couldn't believe such error was possible...
Bea - as she stated before, thought my compensation when I cover Noel Mail room duty was at her discretion.
Me (Alix) - Never having to ask prior to Beatrice management thought my compensation should have been a nonissue until I was notified otherwise by you that Bob's decision
I hope in light of clarity ALL is now water under the bridge!!!
Let me know if I should bring you a payroll change Request form for the unpaid compensation in the amount of $15,500 which will include Noel's latest vacation March 14th to April 1st - If you've already taken care of it, may I please have a copy for my records
Thank you,


**From:** Robert Kantor
**Sent:** Friday, April 29, 2016 7:53 PM
**To:** Alix Nazon
**Subject:** Re: God said ask & you shall receive

I do not understand this. Please see me when I get back.

Sent from my iPhone

On Apr 29, 2016, at 6:31 PM, Alix Nazon <anazon@timeequities.com> wrote:

Thank you, Bob and I apologize if there was a misunderstanding.

Please let me know the next steps per my email below, as I would like us all to come to a fair and reasonable resolution.

I believe I am entitle to $15,500 compensation, as previously outlined below. Noel's latest vacation March 14th to April 1st is included

Respectfully

Alix Nazon

**From:** Robert Kantor
**Sent:** Saturday, April 23, 2016 8:03 AM
**To:** Alix Nazon
**Cc:** Phil Brody
**Subject:** RE: God said ask & you shall receive

1

what do i do next          She gives me 2,500