UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALIX NAZON,

                Plaintiff,

-against-

TIME EQUITIES, INC.,

                Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _2/3/2023_

21 Civ. 8680 (AT) (SLC)

**ORDER ADOPTING REPORT AND RECOMMENDATION**

ANALISA TORRES, District Judge:

      On October 22, 2021, Plaintiff *pro se*, Alix Nazon, filed a complaint against Defendant, Time Equities, Inc. ("Time Equities"), alleging employment discrimination. ECF No. 1 at 5–6. On January 5, 2022, Plaintiff filed an amended complaint, bringing claims for employment discrimination, hostile work environment, and retaliation based on race, age, sex, national origin, and disability under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*; the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621, *et seq.*; the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*; 42 U.S.C. § 1981; the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. L. § 290 *et seq.*; and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-101 *et seq.* Amend. Compl. at 1, ECF No. 13; *see also* R&R at 1, ECF No. 24. On March 3, 2022, Time Equities moved to dismiss Plaintiff's claims, arguing that they fail to state a claim under Federal Rule of Civil Procedure 12(b)(6). ECF No 19. On March 4, 2022, the Court referred the motion to the Honorable Sarah L. Cave for a report and recommendation. ECF No. 21. On March 24, 2022, Plaintiff filed his opposition and requested leave to amend. ECF No. 22.

      Before the Court is Judge Cave's Report and Recommendation (the "R&R"), dated November 22, 2022, which recommends that Time Equities' motion to dismiss be granted, and

Plaintiff's request for leave to amend be denied. R&R. On December 6, 2022, Plaintiff filed a letter which the Court shall treat as objections to the R&R. *See* Pl. Obj. at 3, ECF No. 27. For the reasons stated below, the Court OVERRULES Plaintiff's objections, ADOPTS the R&R's conclusions, GRANTS Time Equities' motion to dismiss, DENIES Plaintiff's request to amend the complaint, DISMISSES Plaintiff's Title VII, ADEA, ADA, and § 1981 claims with prejudice, and DISMISSES Plaintiff's claims under the NYSHRL and the NYCHRL without prejudice.

## DISCUSSION[1]

I.    Standard of Review

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge" on a dispositive motion. 28 U.S.C. § 636(b)(1)(C). When a party makes specific objections, the court reviews *de novo* those portions of the R&R to which objection is made. *Id.*; Fed. R. Civ. P. 72(b)(3). However, "when a party makes only conclusory or general objections, or simply reiterates [their] original arguments," the court reviews the R&R strictly for clear error. *Wallace v. Superintendent of Clinton Corr. Facility*, No. 13 Civ. 3989, 2014 WL 2854631, at *1 (S.D.N.Y. June 20, 2014); *see also Bailey v. U.S. Citizenship & Immigr. Servs.*, No. 13 Civ. 1064, 2014 WL 2855041, at *1 (S.D.N.Y. June 20, 2014) ("[O]bjections that are not clearly aimed at particular findings . . . do not trigger *de novo* review."). Moreover, "a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not." *United States v. Gladden*, 394 F. Supp. 3d 465, 480 (S.D.N.Y. 2019) (citation omitted).

---

[1] The Court presumes familiarity with the facts and procedural history as detailed in the R&R, *see* R&R at 2–12, and, therefore, does not summarize them here.

The Court may adopt those portions of the R&R to which no objection is made "as long as no clear error is apparent from the face of the record." *Oquendo v. Colvin*, No. 12 Civ. 4527, 2014 WL 4160222, at *2 (S.D.N.Y. Aug. 19, 2014) (citation omitted). An R&R is clearly erroneous if the reviewing court is "left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (citation omitted).

"*Pro se* parties are generally accorded leniency when making objections." *Pinkney v. Progressive Home Health Servs.*, No. 06 Civ. 5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008). "Nonetheless, even a *pro se* party's objections to a [r]eport and [r]ecommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a 'second bite at the apple' by simply relitigating a prior argument." *Id.* (citation omitted).

II. Plaintiff's Objections

Plaintiff's objections are not aimed at any particular findings in the R&R. *See Bailey*, 2014 WL 2855041, at *1. Instead, Plaintiff "simply reiterates [his] original" allegations in the amended complaint. *Wallace*, 2014 WL 2854631, at *1; Pl. Obj. at 1–3. Plaintiff also includes new allegations not mentioned in his complaint or his opposition to the motion to dismiss, Pl. Obj. at 1–2, which the Court shall not consider. *See Gladden*, 394 F. Supp. 3d at 480. Finally, Plaintiff suggests that the R&R was purposely served on him via mail on a Friday so that he would receive it on a Monday, shortening his time to file objections. Pl. Obj. at 3. The R&R was properly and timely served. *See* R&R at 47; ECF Nos. 25–26; Dkt. Entry 11/23/2022. And, in any event, Plaintiff's objections were timely filed. Pl. Obj.

The Court has reviewed the thorough and well-reasoned R&R for clear error and finds none. Accordingly, the Court OVERRULES Plaintiff's objections and ADOPTS the R&R's conclusions.

## CONCLUSION

For the foregoing reasons, the Court OVERRULES Plaintiff's objections to the R&R, ADOPTS the R&R's conclusions, GRANTS Time Equities' motion to dismiss, DENIES Plaintiff's request to amend the complaint, DISMISSES Plaintiff's Title VII, ADEA, ADA, and § 1981 claims with prejudice, and DISMISSES Plaintiff's claims under the NYSHRL and the NYCHRL without prejudice.

The Clerk of Court is directed to terminate the motion at ECF No. 19, mail a copy of this order to Plaintiff *pro se*, and close the case.

SO ORDERED.

Dated: February 3, 2023
New York, New York

ANALISA TORRES
United States District Judge